**NOT FOR PUBLICATION**

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SCHENAVIAR CHAPPELL, | : | |
| Plaintiff, | : | Civil Action No. 11-484 (SRC) |
| v. | : | **OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

**CHESLER, District Judge**

      This matter comes before the Court on the appeal by Plaintiff Schenaviar Chappell ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that she was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. Civ. R. 9.1(b), finds that the Commissioner's decision will be vacated.

      This Court finds it somewhat disturbing that this appeal has proceeded to this point. The ALJ's errors are significant and quite apparent. The two major mistakes are: 1) the ALJ's rejection of Plaintiff's treating psychiatrist's opinion that Plaintiff was disabled; and 2) the use of the "Grids" at step five. Either of these errors provides a sufficient basis to vacate the Commissioner's decision.

      Plaintiff offered a handwritten report by her treating psychiatrist, Dr. Hriso, which diagnosed major depression and stated that Plaintiff "cannot return to work. She is chronically

disabled." (Tr. 226.) The ALJ did not even mention Dr. Hriso's conclusion in his decision, and wrote: "In light of Dr. Candela's findings (exhibit 6F) and the claimant's ability to live independently, I find that Dr. Hriso's opinion deserves lesser weight . . ." This sentence contains the ALJ's entire explanation for his decision to reject Dr. Hriso's opinion.

This explanation might have made some sense had Dr. Candela's report said something that refuted – or even somewhat contradicted – Dr. Hriso's opinion, but it does not. (Tr. 223-225.) Dr. Candela, a neuropsychologist, gave Plaintiff a diagnosis of chronic depression – entirely consistent with Dr. Hriso's diagnosis. (Tr. 225.) Dr. Candela made no assessment of whether or not Plaintiff is disabled. There is nothing in Dr. Candela's report which can be reasonably viewed as contradicting Dr. Hriso's opinion. Rather, Plaintiff is correct in arguing that the ALJ rejected the treating psychiatrist's opinion on the basis of no evidence other than his own opinion.

It thus appears that the ALJ rejected the treating psychiatrist's opinion on the basis of his own medical opinion. The ALJ cannot discount medical opinions based on his own analysis of the medical evidence. This is absolutely forbidden under Third Circuit law: "By independently reviewing and interpreting the laboratory reports, the ALJ impermissibly substituted his own judgment for that of a physician; an ALJ is not free to set his own expertise against that of a physician who presents competent evidence." Ferguson v. Schweiker, 765 F.2d 31, 37 (3d Cir. 1985). Here, the ALJ impermissibly substituted his own judgment for that of a physician. This alone provides a basis for vacating the ALJ's decision.

The Third Circuit has also held:

In choosing to reject the treating physician's assessment, an ALJ may not make

2

> speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and not due to his or her own credibility judgments, speculation or lay opinion.

Morales v. Apfel, 225 F.3d 310, 317 (3d Cir. 2000). The ALJ's rejection of Dr. Hriso's opinion is not permissible under Morales.

In addition, the ALJ did not make use of the only option for rejecting Dr. Hriso's opinion that was available to him under Third Circuit law:

> An ALJ may reject a treating physician's opinion outright only on the basis of contradictory medical evidence, but may afford a treating physician's opinion more or less weight depending upon the extent to which supporting explanations are provided.

Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). The ALJ did not reject the treating physician's opinion on the basis of contradictory medical evidence: the medical evidence he cited – Dr. Candela's report – is consistent, not contradictory. This provides another basis for vacating the ALJ's decision.

The ALJ's rejection of Dr. Hriso's opinion that Plaintiff is disabled is not supported by substantial evidence. The ALJ mischaracterized Dr. Candela's opinion and offered no other evidence to support his determination.

Plaintiff next contends, again correctly, that the ALJ erred by using the "Grids"[1] at step

---

[1] When the claimant has only exertional limitations, the Commissioner may utilize the Medical-Vocational Guidelines found in 20 C.F.R. Part 404, Subpart P, Appendix 2 to meet the burden of establishing the existence of jobs in the national economy. These are often referred to as the "Grids." These guidelines dictate a result of "disabled" or "not disabled" according to combinations of factors (age, education level, work history, and residual functional capacity). These guidelines reflect the administrative notice taken of the numbers of jobs in the national economy that exist for different combinations of these factors. 20 C.F.R. Part 404, Subpart P, Appendix 2, Paragraph 200.00(b). When a claimant's vocational factors, as determined in the preceding steps of the evaluation, coincide with a combination listed in Appendix 2, the guideline directs a conclusion as to whether an individual is disabled. 20 C.F.R. § 404.1569;

five despite the presence of nonexertional limitations.  At step five, the ALJ consulted the "Grids" and, based upon the Plaintiff's age, education, work experience, and residual functional capacity, determined that Plaintiff was not disabled.  This is a clear error.  Referring to the "Grids," the Third Circuit has stated: "The regulations do not purport to establish jobs that exist in the national economy at the various functional levels when a claimant has a nonexertional impairment."  Sykes v. Apfel, 228 F.3d 259, 269 (3d Cir. 2000).

The Commissioner, in response, argues that the ALJ correctly concluded that Plaintiff's nonexertional limitations did not impact the occupational base of unskilled light work.  The ALJ did, indeed, make such a statement, offered without any explanation or support.  This Court cannot conclude that this determination is supported by substantial evidence when the ALJ cited no evidence.  It appears entirely unreasonable to write off Plaintiff's nonexertional impairments on the basis of no evidence – especially when, at step four, the ALJ found that Plaintiff has "moderate difficulties in maintaining concentration, persistence, or pace." (Tr. 31.)  The ALJ's decision at step five is both erroneous as a matter of law as well as not supported by substantial evidence.

For the foregoing reasons, this Court finds that the Commissioner's decision is not supported by substantial evidence, and the Commissioner's decision is vacated and remanded for further proceedings in accordance with this Opinion.

  s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: January 31, 2012

---

Heckler v. Campbell, 461 U.S. 458 (1983).